IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Karen Gibson and Letesha Nesmith, individually and on behalf of all others similarly situated, | ) ) ) ) | C/A No.: 2:16-cv-2872 DCN |
| Plaintiffs, | ) ) | **RICO CASE ORDER** |
| vs. | ) ) | |
| Confie Insurance Group Holdings, Inc.; Driver's Choice Insurance Services, LLC; Nation Motor Club LLC, d/b/a Nation Safe Drivers, | ) ) ) ) ) | |
| Defendants. | ) ) | |

  The above action purports to state a civil claim for violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq. The statute allows a person injured by a violation of the act to maintain an action against the violators pursuant to 18 U.S.C. § 1964(c). This order has been designed to establish a uniform and efficient procedure for processing this claim.

  The plaintiff shall file a RICO CASE STATEMENT within 30 days of the date of this order. This statement shall include the facts the plaintiff is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, this statement shall be in a form which uses the numbers and letters as set forth below,[1] and shall state in detail and with specificity the following information:

---

[1] If the plaintiff would like an electronic copy of this order for use in complying herewith, please feel free to call Lisa Richberg at 843-579-1450.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. List each person and state the alleged misconduct and basis of liability of each person.

3. List the alleged wrongdoers, other than the persons listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated in particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged presentations were made;

      d.    State whether there has been a criminal conviction for violation of the predicate acts;

      e.    State whether civil litigation has resulted in a judgment with regard to the predicate acts; and

      f.    Describe how the predicate acts form a "pattern of racketeering activity."

          1)    State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

          2)    State whether the alleged predicate acts show continuity of racketeering activity, or the threat of continuing racketeering activity. If so, describe in detail.

6.    Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

      a.    State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

      b.    Describe the structure, purpose, function and course of conduct of the enterprise;

      c.    State whether any defendant is an employee, officer or director of the alleged enterprise;

      d.     State the manner in which each defendant is associated with the alleged enterprise;

      e.     State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that any defendant is the enterprise itself, or a member of the enterprise; and

      f.     If any defendant is alleged to be the enterprise itself, or a member of the enterprise, explain whether such a defendant is a perpetrator, a passive instrument, or a victim of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one activity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a.      State who received the income derived from the pattern of racketeering activity or through the collection of any unlawful debt; and

      b.      Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.      State who is employed by or associated with the enterprise; and

      b.      State whether the same entity is both the liable "person" and the enterprise under § 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the facts showing the existence of the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained by reason of the violation of § 1962, indicating the amount for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all state claims, subject to the supplemental jurisdiction of this court, if any.

20. Provide any additional information that you feel would be helpful to the court in evaluating your RICO claims.

**AND IT IS SO ORDERED**.

David C. Norton
United States District Judge

May 29, 2018
Charleston, South Carolina